**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JERRA MCCREA LYLES, | : | Civil No. 11-6477 (NLH) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| D. ZICKEFOOSE, etc., et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    DOUGLAS GRANNAN, ESQ.
    325 Chestnut Street, Suite 403
    Philadelphia, PA  19106
    Attorneys for Petitioner

**HILLMAN, District Judge**

Petitioner Jerra McCrea Lyles seeks a Writ of Mandamus directing officials of the Bureau of Prisons ("BOP"), the United States Parole Commission, and the United States Probation Office to recalculate the computation of his federal sentence, his good time credits, and the remaining period under which he will be subject to the jurisdiction of the Parole Commission.  Because Petitioner is not entitled to a writ of mandamus and because this Court rejected essentially the same claims in Lyles v. Zickefoose, Civ. No. 09-3764 (NLH) opinion (D.N.J. Dec. 20, 2010), appeal dismissed as moot, C.A. No. 11-1470 (3d Cir. July 25, 2011), this Court will dismiss the Petition.

## I.   BACKGROUND

This Court will take judicial notice of the docket and prior federal judicial opinions regarding Petitioner, see <u>McTernan v. City of York</u>, 577 F. 3d 521, 525 (3d Cir. 2009), and will not reiterate the lengthy factual background which begins with Petitioner's 1976 federal conviction.  Most recently, on July 28, 2009, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a final decision of the BOP dated February 3, 2009, which he similarly challenges in the Mandamus Petition presently before this Court.  See <u>Lyles</u>, Civ. No. 09-3764.  In the amended petition in the prior habeas action,

> [Lyles] claim[ed] that his custody violate[d] the Constitution, laws or treaties of the United States in the following ways:  the BOP "failed to provide Petitioner with adequate and accurate information regarding its manner of computing the authorized length of his ongoing detention, in adjudicating his administrative appeal dated, February 3, 2009, in violation of Petitioner's right to due process of law;" "failed to provide Petitioner with information regarding the legal, regulatory and/or policy authorities upon which it relied, in adjudicating his administrative appeal dated, February 3, 2009, in computing the remaining period of Petitioner's incarceration, in violation of Petitioner's right to due process of law;" "relied upon improper legal authority in its computation of the remaining length of Petitioner's authorized detention in adjudicating his administrative appeal dated, February 3, 2009, in violation of Petitioner's right to due process of law;" "failed to comply with 28 CFR section 542.18 regarding its adjudication of Petitioner's appeals;" "failed to comply with the

2

> provisions of 28 CFR section 523.2(b)
> regarding the Petitioner's eligibility for
> good time;" "failed to comply with applicable
> case law;" "erred in the calculation of
> credits/good time to which the Petitioner is
> eligible or modify its sentence computation
> sheets and other relevant documents in a
> timely manner and upon notice from the
> Petitioner of the errors contained in the
> computation sheets while adjudicating
> Petitioner's administrative appeal dated,
> February 3, 2009, in violation of
> Petitioner's right to due process of law;"
> "erred in the adjudication of the
> Petitioner's administrative appeal dated,
> February 3, 2009, in that Respondents were
> not responsive to the legal/factual
> challenges presented in the Petitioner's
> appeals, in violation of Petitioner's right
> to due process of law in the appeal process;"
> "erred in the adjudication of the
> Petitioner's administrative appeal dated,
> February 3, 2009, in that Respondents relied
> upon incorrect data as contained in the
> sentence computation sheets prepared in
> connection with the Petitioner's detention
> and the Respondents failed to correct the
> incorrect information even after being
> informed by the Petitioner that the
> information was incorrect, in violation of
> his right to due process of law."

<u>Lyles v. Zickefoose</u>, Civ. No. 09-3764 opinion (D.N.J. Dec. 20, 2010).

On December 20, 2010, this Court dismissed the habeas petition, holding that the BOP's February 3, 2009, decision did not violate due process, Lyles' detention was authorized by 21 U.S.C. § 841(c) (repealed) in that he was serving a 40-year term of imprisonment as a result of the revocation of his 40-year special parole term by the Parole Commission on August 19, 2002,

and the BOP did not abuse its discretion in calculating his presumptive parole date as January 8, 2011, determining that he was eligible to receive 4,800 days of statutory good conduct time credit, and calculating his statutory release date on the 40-year sentence to be March 29, 2029.  See Lyles v. Zickefoose, Civ. No. 09-3764 opinion at 16-20.  Lyles appealed, and on July 25, 2011, the Third Circuit granted the government's motion to dismiss the appeal on the ground that the petition became moot when Lyles was released on parole on January 7, 2011.  Id., mandate (D.N.J. July 25, 2011) (Pet. at pp. 9-10) (Dkt. 1 at 9-10).

In the instant Petition, Lyles seeks a writ of mandamus:

> (a) mandating the Respondents provide the Petitioner with adequate and accurate information regarding its manner of computing the authorized length of his ongoing period of parole and the legal, regulatory and/or policy authorities relied upon in computing the remaining period of Petitioner's statutory and full term on his sentence; and
>
> (b) mandat[ing] the [Respondents] to calculate, accurately, any credits/good time to which the Petitioner may be eligible and modify its sentence computation sheets, parole documents and other relevant documents without further delay; and,
>
> (c) direct[ing] Respondents to modify existing calculations regarding the remaining period under which Petitioner will be subject to the jurisdiction of US parole authorities; and,
>
> (d) granting such other relief at law and in equity as justice may mandate.

(Pet., pp. 14-15) (Dkt. 1 at pp. 14-15).

## **II.  DISCUSSION**

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.[1]  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  See also Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a clear nondiscretionary duty") (citation and internal quotation marks omitted).  "Before a writ of mandamus may issue, a party must establish that (1) 'no other adequate means [exist] to attain the relief he desires,' (2) the party's 'right to issuance of the writ is clear and indisputable,' and (3) 'the writ is appropriate under the circumstances.'"  Hollingsworth v. Perry, 130 S. Ct. 705 (2010) (quoting Cheny v. United States Dist. Court for D.C., 542 U.S. 367, 380-81 (2004) (internal quotation marks omitted).  "'The

---

[1] The All Writs Act also authorizes federal courts to issue a writ of mandamus where "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).

general principle which governs proceedings by *mandamus* is, that whatever can be done without the employment of that extraordinary writ, *may not be done with it*.  It lies only when there is practically *no other remedy*.'"  Helstoski v. Meanor, 442 U.S. 500, 505 (1979) (quoting Ex parte Rowland, 104 U.S. 604, 617 (1882) (emphasis in Helstoski).

Here, Lyles seeks a writ of mandamus directing BOP and parole officials to recalculate his federal sentence, his good time credits, and the period of time he will be on parole.  (Dkt. 1 at 14-15.)  He has not shown, however, that any respondent has a clear nondiscretionary duty to perform these recalculations.  Nor has he shown that he has no other remedy, particularly where he sought essentially the same relief in his appeal to the Third Circuit from this Court's Order denying habeas corpus relief.  See Helstoski v. Meanor, 442 U.S. 500, 506 (1979) (mandamus may not be used as a substitute for appeal); Oracare DPO, Inc. v. Merin, 972 F.2d 519, 523 (3d Cir. 1992) ("[A] petition for a writ of mandamus must never be regarded as an alternative to an appeal").  Because Petitioner has shown neither a clear nondiscretionary duty nor the absence of any other remedy, he is not entitled to mandamus relief.  This Court will accordingly dismiss the Petition.

6

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Mandamus.

                                         s/ Noel L. Hillman
                                        **HON. NOEL L. HILLMAN, U.S.D.J.**

Dated:     July 2  , 2012

At Camden, New Jersey